### In the Matter of the Last Will and Testament of Henry Rahn, Deceased.
### William Rahn, Appellant, v. John O. Krause et al., Appellees.

### Gen. No. 22,857.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

### Statement of the Case.

In the matter of the last will and testament of Henry Rahn, deceased, William Rahn, contestant. From

an order admitting the will to probate, the contestant appeals.

ROTHSCHILD & SCHAFFNER, for appellant.

GOLDZIER, RODGERS & FROEHLICH and HUTTMANN, CLOYES & CARR, for appellees. .

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1365*—*when discretion in advancement of cause for hearing not disturbed.* The advancement of a cause for hearing is a matter which rests in the sound discretion of the trial court, with the exercise of which the Appellate Court will not interfere unless it appears it has resulted in manifest injustice.

2. EXECUTORS AND ADMINISTRATORS—*what is policy of law as to estate matters.* The policy of the law favors the speedy hearing of matters connected with the settlement of the estate of a deceased person, and, in the absence of an affirmative showing of injury by the party complaining, the fact that the litigation has been speedily heard and disposed of does not constitute error.

3. WITNESSES, § 207*—*when cross-examination is within discretion of court.* The extent to which cross-examination of a witness as to his reasons for concealing his whereabouts prior to testifying should be permitted is a matter largely in the discretion of the trial court.

4. DEPOSITIONS, § 34*—*when denial of motion to suppress deposition is proper.* Where a witness refused to answer further on cross-examination after having been questioned at length along the same general line, and the questions refused to be answered went only to the matter of his credibility and not to the merits of the case, *held,* under the particular circumstances, that there was no abuse of the trial court's discretion in denying a motion to suppress the witness' deposition.

5. WILLS, § 143*—*when prima facie case for proponents is made out.* Evidence *held* to make out a prima facie case for the proponents, in the matter of a probate of a will, opposed by a contestant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.